IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANDA PHARMACEUTICALS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vanda Pharmaceuticals Inc. ("Vanda") for its Complaint against Defendant Teva Pharmaceuticals USA, Inc. ("Teva") alleges as follows:

### I.   THE PARTIES

1.   Plaintiff Vanda is a Delaware corporation with its principal place of business at 2200 Pennsylvania Ave. NW, Suite 300E, Washington, DC 20037.   Vanda is a pharmaceutical company that focuses on the development and commercialization of new medicines to address unmet medical needs, including Hetlioz® (tasimelteon oral capsules), for the treatment of Non-24-Hour Sleep-Wake Disorder ("Non-24").

2.   On information and belief, Defendant Teva is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 400 Interpace Parkway, Parsippany, NJ 07054.

### II.   NATURE OF THE ACTION

3.   This is an action arising under the patent laws of the United States (Title 35, U.S. Code, §§ 100, *et seq.*) based upon Teva's infringement of one or more claims of

Vanda's U.S. Patent No. 10,829,465 ("the '465 patent"), which, in relevant part, generally relates to compositions comprising purified tasimelteon.

4.    Vanda is the holder of approved New Drug Application No. 205,677 for Hetlioz® (tasimelteon) capsules, 20 mg, which was approved by the Food and Drug Administration ("FDA") on January 31, 2014, for the treatment of Non-24, a circadian rhythm sleep disorder.

5.    Tasimelteon is the active ingredient in Hetlioz®.

6.    On information and belief, Teva filed Abbreviated New Drug Application No. 211601 (the "ANDA") under § 505(j) of the Federal Food, Drug, and Cosmetic Act (the "FFDCA"), to obtain approval to commercially manufacture and sell generic tasimelteon capsules in its 20 mg strength for the treatment of Non-24 ("Teva's ANDA Product").

7.    On information and belief, Teva made and included in its ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that, in its opinion and to the best of its knowledge, the '465 patent is invalid, unenforceable, and/or that certain claims will not be infringed by Teva's ANDA Product.

8.    Vanda received written notice of Teva's ANDA and Paragraph IV Certification as to the '465 patent on December 18, 2020 ("Notice Letter"), along with an enclosed statement of Teva's alleged factual and legal bases for stating that the '465 patent is invalid, unenforceable, and/or will not be infringed by Teva's ANDA Product ("Detailed Statement").

9.    Teva's Detailed Statement does not provide any factual bases or other statements alleging that the '465 patent is unenforceable.

10. Teva's Detailed Statement does not provide any separate factual bases for stating that the '465 patent will not be infringed by Teva's ANDA Product apart from arguing that the '465 patent is invalid.

11. This action is being commenced within 45 days of receipt of Teva's Notice Letter.

12. Teva has infringed one or more claims of the '465 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of the Teva ANDA with a Paragraph IV Certification and seeking FDA approval of the Teva ANDA prior to the expiration of the '465 patent or any extensions thereof.

13. Teva has infringed one or more claims of the '465 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of the Teva ANDA seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States generic tasimelteon for the treatment of Non-24 prior to the expiration of the '465 patent or any extensions thereof.

### III. JURISDICTION

14. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has subject matter jurisdiction over Vanda's patent infringement claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15. This Court has personal jurisdiction over Teva because Teva is incorporated in the State of Delaware.

16. On information and belief, Teva's registered agent for service of process is Corporate Creations Network Inc., with an address at 3411 Silverside Road #104, Tatnall Building, Wilmington, Delaware 19810.

17.  On information and belief, Teva is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of Delaware and throughout the United States.

18.  Teva has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Vanda, which manufactures Hetlioz® for sale and use throughout the United States, including in this Judicial District.  On information and belief, and as indicated by the Notice Letter, Teva prepared and filed ANDA No. 211601 with the intention of seeking to market generic tasimelteon nationwide, including within this Judicial District.

19.  On information and belief, Teva plans to market and sell generic tasimelteon in the State of Delaware, list generic tasimelteon on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursement for sales of the Teva ANDA Product in the State of Delaware, either directly or through one or more of Teva's wholly owned subsidiaries, agents, and/or alter egos.

20.  On information and belief, Teva knows and intends that its proposed generic tasimelteon product will be distributed and sold in Delaware and will thereby displace sales of Hetlioz®, causing injury to Vanda.  Teva intends to take advantage of its established channels of distribution in Delaware for the sale of the Teva ANDA Product.

## IV.   VENUE

21.  Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because, upon information and belief, Teva resides in the State of Delaware and therefore Teva's ANDA submission is sufficiently related to this District.

## V.   THE PATENT-IN-SUIT

### (U.S. PATENT NO. 10,829,465)

22.   The allegations above are incorporated herein by reference.

23.   The '465 patent covers, generally, compositions comprising purified tasimelteon.

24.   As explained in the '465 patent, "in the synthesis of tasimelteon there are certain impurities that can be formed as both by-products and degradation products, and that these impurities can be controlled or reduced to non-detectable or acceptably detectable levels."

25.   Vanda is the owner of all rights, title, and interest in the '465 patent, entitled "Highly Purified Pharmaceutical Grade Tasimelteon."  The USPTO duly and legally issued the '465 patent on November 10, 2020, to Deepak Phadke, Natalie M. Platt, and Ravi K. Pandrapragada as inventors, which was assigned to Vanda.  A true and correct copy of the '465 patent is attached to this Complaint as Exhibit A.

26.   The '465 patent generally claims compositions comprising purified tasimelteon.

## VI.   COUNT I

### (INFRINGEMENT OF THE '465 PATENT)

27.   The allegations above are incorporated herein by reference.

28.   Teva filed the Teva ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic tasimelteon for the treatment of Non-24 before the expiration of the '465 patent and any extensions thereof.

29.   Teva's Notice Letter states that Teva filed the ANDA seeking approval to manufacture, use, offer to sell, and sell generic tasimelteon in its 20 mg strength for the treatment of Non-24 before the expiration of the '465 patent.  The Notice Letter represents that an

Amendment to Teva's ANDA was submitted with a Paragraph IV Certification that the '465 patent purportedly is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Teva's ANDA Product.

30.    The '465 patent is listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* for Hetlioz® in its 20 mg strength.

31.    Teva thus has actual knowledge of the '465 patent.

32.    Teva's Detailed Statement does not provide any separate legal or factual bases for stating that the '465 patent will not be infringed by Teva's ANDA Product apart from arguing that the '465 patent is invalid.

33.    Vanda has the right to enforce the '465 patent and sue for infringement thereof.

34.    On information and belief, Teva has made and will continue to make substantial and meaningful preparations to import into the United States and/or offer to sell, sell, and/or use within the United States products which are patented by the '465 patent.

35.    On information and belief, Teva's preparations include, but are not limited to, the development of Teva's ANDA Product, systematically attempting to meet the applicable regulatory requirements for approval of Teva's ANDA Product, and engaging in litigation to manufacture, offer to sell, sell, use, and/or import Teva's ANDA Product prior to the expiration of the '465 patent.

36.    On information and belief, Teva intends to use the compositions claimed in the '465 patent in Teva's ANDA Product.

37.    On information and belief, the tasimelteon in Teva's ANDA Product is intact and without material change from the tasimelteon compositions of the '465 patent.

38. On information and belief, the tasimelteon compositions of the '465 patent are an essential part of Teva's ANDA Product.

39. On information and belief, the tasimelteon compositions of the '465 patent are not a trivial or non-essential component of another product.

40. On information and belief, Teva's ANDA Product is covered by one or more claims of the '465 patent.

41. On information and belief, Teva's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 1 of the '465 patent.

42. Teva has infringed and will infringe the '465 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the Teva ANDA, and any amendments thereto, to FDA seeking to obtain approval for generic tasimelteon covered by one or more claims of the '465 patent, prior to the expiration of the '465 patent.

43. The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the Teva ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the '465 patent, including at least claim 1 under 35 U.S.C. § 271(a), (b), (c), and/or (g).

44. On information and belief, Teva will induce others to infringe and/or contribute to the infringement of at least claim 1 of the '465 patent under 35 U.S.C. § 271(b) and/or (c) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the manufacturer of Teva's ANDA products, or its Active Pharmaceutical Ingredient ("API"), or other subsequence purchasers, distributors, or users thereof, which manufacture constitutes direct infringement of at least claim 1 of the '465 patent.

45. On information and belief, Teva will induce others to infringe and/or contribute to the infringement of at least claim 1 of the '465 patent under § 271(b) and/or (c) by making, using, selling, offering to sell, and/or importing Teva's ANDA Product and/or the API thereof.

46. On information and belief, subsequent purchasers, distributors or users thereof will also directly infringe at least claim 1 of the '465 patent.

47. On information and belief Teva will infringe at least claim 1 of the '465 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Teva's ANDA Product or the API for Teva's ANDA Product.

48. On information and belief, Teva's ANDA Product and/or the API for Teva's ANDA Product is not materially changed by subsequent process.

49. On information and belief, Teva's ANDA Product and the API for Teva's ANDA Product are not a trivial or non-essential component of another product.

50. Vanda seeks entry of an order requiring that Teva amend its Paragraph IV Certification in the Teva ANDA to a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(III) ("Paragraph III Certification") as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

51. Vanda seeks entry of an order declaring that Teva has infringed the '465 patent by virtue of submitting its ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

52. Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the Teva ANDA be a date that is not earlier than the expiration of the '465 patent or any later expiration of exclusivity for the '465 patent to which Vanda becomes entitled.

53.     Vanda will be irreparably harmed if Teva is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '465 patent. Pursuant to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

54.     On information and belief, Teva's statement of the factual and legal bases for its opinion regarding the invalidity and noninfringement of the '465 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Vanda is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

55.     To the extent Teva commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Vanda respectfully requests that this Court enter judgment in its favor against Teva and grant the following relief:

A.     an adjudication that Teva has infringed directly, contributed to, or induced the infringement of one or more claims of the '465 patent under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the Teva ANDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of generic tasimelteon for the treatment of Non-24 before the expiration of the '465 patent;

B.     a declaration that Teva will infringe directly, contribute to, or induce the infringement of one or more claims of the '465 patent under 35 U.S.C. § 271(a), (b), and/or (c) if it markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the '465 patent;

C.     an order requiring that Teva amend its Paragraph IV Certification to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A);

D.    an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Teva ANDA for generic tasimelteon be a date that is not earlier than the date of the expiration of the '465 patent or any later period of exclusivity to which Vanda is or may become entitled;

E.    a permanent injunction enjoining Teva, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '465 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the Teva ANDA;

F.    an order enjoining Teva, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '465 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the Teva ANDA;

G.    an assessment of pre-judgment and post-judgment interest and costs against Teva, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H.    an award to Vanda of its attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

I.    such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Derek J. Fahnestock

_____

Karen Jacobs (#2881)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiff*
*Vanda Pharmaceuticals Inc.*

OF COUNSEL:

Nicholas Groombridge
Eric Alan Stone
Josephine Young
Daniel J. Klein
Jennifer Rea Deneault
Michael F. Milea
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

January 29, 2021

11