IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDA PHARMACEUTICALS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-121-CFC |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Defendant. ) | |

**TEVA PHARMACEUTICALS USA, INC.'S
ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva") hereby answers the Complaint brought by Plaintiff Vanda Pharmaceuticals Inc. ("Vanda" or "Plaintiff"). Additionally, Teva hereby asserts a counterclaim for declaratory judgment of invalidity of United States Patent No. 10,829,465 ("the '465 patent").

With respect to the allegations made in the Complaint, Teva states as follows:

### I.  The Parties

1.    Upon information and belief, admitted that Plaintiff Vanda is a Delaware corporation with its principal place of business at the address alleged. Teva lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and therefore denies them.

2. Admitted.

## II. Nature of the Action

3. Teva admits that this purports to be an action for patent infringement of the '465 patent under the patent laws of the United States, Title 35, United States Code. Teva also admits that the '465 patent relates, at least in part, to compositions comprising purified tasimelteon. Teva denies the remaining allegations in Paragraph 3 of the Complaint.

4. Upon information and belief, admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Upon information and belief, admitted.

9. Teva admits that its Detailed Statement explains that claims of the '465 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, sale, or use of the proposed product described in the ANDA. Teva denies the remaining allegations of paragraph 9 of the Complaint.

10. Teva admits that its Detailed Statement explains that claims of the '465 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, sale, or use of the proposed product described in the ANDA. Teva denies the remaining allegations of paragraph 10 of the Complaint.

11. Upon information and belief, admitted.

12. Denied.

13. Denied.

### III. Jurisdiction

14. The allegations in Paragraph 14 of the Complaint constitute conclusions of law to which no answer is required. To the extent an answer is required, Teva admits that this Court has jurisdiction over the subject matter of this action.

15. The allegations in Paragraph 15 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Teva does not contest that the Court has personal jurisdiction over it for purposes of this matter only.

16. Admitted.

17. Admitted.

18. Teva admits that it prepared and filed ANDA No. 211601 seeking approval to engage in the commercial manufacture, use, sale, offer for sale or importation into the United States of the ANDA product before the expiration of the '465 patent. Teva denies the remaining allegations of Paragraph 18 of the Complaint.

19. Teva admits that it filed ANDA No. 211601 seeking approval to engage in the commercial manufacture, use, sale, offer for sale or importation into the United States of the ANDA product. Teva denies the remaining allegations of Paragraph 19 of the Complaint.

20. Teva admits that it filed ANDA No. 211601 seeking approval to engage in the commercial manufacture, use, sale, offer for sale or importation into the United States of the ANDA product before the expiration of the '465 patent. Teva denies the remaining allegations of Paragraph 20 of the Complaint.

### IV. Venue

21. The allegations in Paragraph 21 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Teva does not contest venue for purposes of this matter only.

### V. The Patent-In-Suit
### (U.S. Patent No. 10,829,465)

22. In response to Paragraph 22 of the Complaint, Teva incorporates by reference Paragraphs 1 through 21 of this answer as if fully set forth herein.

23. Teva admits that the '465 patent states that it relates, at least in part, to "highly purified, pharmaceutical grade tasimelteon." Teva respectfully refers the Court to the patent itself for a full and accurate statement of its contents.

24. Teva admits that the quoted language is in the '465 patent. Teva respectfully refers the Court to the patent itself for a full and accurate statement of its contents.

25. Teva admits that Exhibit A purports to be a copy of the '465 patent titled "Highly Purified Pharmaceutical Grade Tasimelteon." Teva admits that, on its face, the '465 patent issued on November 10, 2020, and is assigned to Vanda. Teva further responds that, on its face, the '465 patent lists Deepak Phadke, Natalie M. Platt, and Ravi K. Pandrapragada as inventors. Teva denies that the patent was duly and legally issued. Teva lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint and on that basis denies them.

26. Teva admits that the '465 patent states that it relates, at least in part, to "highly purified, pharmaceutical grade tasimelteon." Teva respectfully refers the Court to the patent itself for a full and accurate statement of its contents.

### VI.  Count I
### (Infringement of the '465 Patent)

27. In response to Paragraph 27 of the Complaint, Teva incorporates by reference Paragraphs 1 through 27 of this answer as if fully set forth herein.

28. Admitted.

29. Admitted.

30. Admitted.

31. Teva admits that it was aware of the '465 patent from at least the filing of its Paragraph IV Certification for the '465 patent. Teva denies the remaining allegations of paragraph 31 of the Complaint.

32. Teva admits that its Detailed Statement explains that claims of the '465 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, sale, or use of the proposed product described in the ANDA. Teva denies the remaining allegations of paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Teva denies the allegations of Paragraph 33 of the Complaint.

34. The allegations in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Teva denies the allegations of Paragraph 34 of the Complaint.

35. Teva admits that it filed ANDA No. 211601 seeking approval to engage in the commercial manufacture, use, sale, offer for sale or importation into the United States of the ANDA product before the expiration of the '465 patent. Teva denies the remaining allegations of Paragraph 35 of the Complaint.

36. Teva admits that it prepared and filed ANDA No. 211601 seeking approval to engage in the commercial manufacture, use, sale, offer for sale or importation into the United States of the ANDA product before the expiration of

the Asserted Patents. Teva denies the remaining allegations of Paragraph 36 of the Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Teva denies that Plaintiff is entitled to any of the requested relief.

51. Teva denies that Plaintiff is entitled to any of the requested relief.

52. Teva denies that Plaintiff is entitled to any of the requested relief.

53. Denied.

54. Denied.

55. Teva denies that Plaintiff is entitled to any of the requested relief.

## Prayer for Relief

This section of Plaintiff's Complaint constitutes a Prayer for Relief that does not require a response. Teva denies that Plaintiff is entitled to any of the requested relief or any other relief. Each averment and/or allegation contained in Plaintiff's Complaint that is not specifically admitted herein is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
### (Noninfringement)

Teva has not infringed, directly or indirectly, any valid claim of any of the '465 patent, and is not liable for any infringement thereof.

### SECOND DEFENSE
### (Invalidity)

Each claim of the '465 patent is invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting. By way of non-limiting example, the '465 patent is invalid as obvious over the prior art set forth in Teva's Detailed Statement concerning the '465 patent.

## RESERVATION OF DEFENSES

Teva reserves the right to assert additional defenses as may be warranted by discovery or further factual investigation in this action.

## COUNTERCLAIM

Defendant and Counterclaim-Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") asserts the following counterclaim against Plaintiff and Counterclaim-Defendant Vanda Pharmaceuticals Inc. ("Vanda").

### Nature of Counterclaim

1.  This counterclaim is for declaratory judgment that United States Patent No. 10,829,465 ("the '465 patent") is invalid.

### The Parties

2.  Teva Pharmaceuticals USA, Inc. is a Delaware corporation. Its principal place of business is at 400 Interpace Parkway, Parsippany, NJ 07054.

3.  On information and belief and as alleged by Counterclaim-Defendant, Vanda Pharmaceuticals Inc. is a Delaware corporation with its principal place of business at 2200 Pennsylvania Avenue NW, Suite 300E, Washington, DC 20037.

4.  Counterclaim-Defendant is the entity that filed the Complaint in this action on or about January 29, 2021.

## Jurisdiction and Venue

5. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

7. Counterclaim-Defendant has availed itself of this forum in this action and is therefore subject to personal jurisdiction in this district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, and as a result of Counterclaim-Defendant's choice of forum in filing this action.

## Count I
## Declaratory Judgment of Invalidity of U.S. Patent No. 10,829,465

9. Teva realleges and incorporates by reference Paragraphs 1 through 8 of this counterclaim as if fully set forth herein.

10. Counterclaim-Defendant has alleged in this action that Teva infringed the '465 patent by filing ANDA No. 211601 and that Teva's manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the proposed generic drug described in ANDA No. 211601 would infringe that patent.

11. The '465 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type

double patenting. By way of non-limiting example, the '465 patent is invalid as obvious over the prior art set forth in Teva's Detailed Statement concerning the '465 patent.

12. Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

13. Teva is entitled to a declaration by the Court that one or more claims of the '465 patent is invalid.

14. Teva is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Prayer for Relief

WHEREFORE, Teva prays that the Court enter judgment ordering as follows:

(a) declaring that the claims of the '465 patent are invalid;

(b) if the facts demonstrate that the case is exceptional within the meaning of 35 U.S.C. § 285, awarding Teva reasonable attorney fees and costs reasonably incurred in prosecuting this action; and

(c) granting Teva such other and further relief as the Court deems just and appropriate.

|  |  |
|---|---|
| OF COUNSEL:<br>J.C. Rozendaal<br>Deirdre M. Wells<br>William H. Milliken<br>STERNE, KESSLER, GOLDSTEIN<br> & FOX P.L.L.C.<br>1100 New York Avenue, N.W.,<br>Suite 600<br>Washington, DC 20005<br>(202) 371-2600<br><br>Dated: February 19. 2021 | */s/ Nathan R. Hoeschen*<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendant* |